IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) Sagacity, Inc. and<br>(2) Bollenbach Enterprises Limited Partnership, on behalf of themselves and all others similarly situated,<br><br>                        Plaintiffs,<br>v.<br><br>(1) BCE-Mach III LLC,<br><br>                        Defendant. | Case No. CIV 23-39-KEW<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT**

Plaintiffs Bollenbach Enterprises Limited Partnership ("Bollenbach") and Sagacity, Inc. ("Sagacity") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, bring this Class Action Complaint against BCE-Mach III LLC ("Mach" or "Defendant"), and allege and state the following.

**SUMMARY OF ACTION**

1. Plaintiffs bring these claims against Mach concerning Mach's actual, knowing, and willful underpayment or non-payment of royalties on natural gas and constituent products, including natural gas liquids, through improper accounting methods and by failing to account for and pay royalties as required by the applicable agreements and Oklahoma law, as more fully described below.

## PARTIES

2. Sagacity is an Oklahoma corporation that owns royalty interests in Mach-operated oil-and-gas wells located in numerous Oklahoma counties, including in Pittsburg and Marshall Counties, Oklahoma.

3. Bollenbach is an Oklahoma limited partnership that owns royalty interests in Mach-operated oil-and-gas wells located in Kingfisher County, Oklahoma.

4. BCE-Mach III LLC is a limited liability company organized under Delaware law with its principal place of business in Oklahoma City, Oklahoma. Mach may be served with process by serving its registered agent, C T Corporation System, 1833 South Morgan Road, Oklahoma City, Oklahoma 73128.

5. Mach is, *inter alia*, in the business of producing and marketing natural gas and constituent products, including natural gas liquids, from Mach's operated oil-and-gas wells in Oklahoma in which Class and Subclass members hold royalty interests.

## JURISDICTION & VENUE

6. The preceding allegations are incorporated by reference.

7. This Court has original jurisdiction over the claims asserted in this complaint pursuant to 28 U.S.C. § 1332(d) because this is a class action in which the amount in controversy exceeds the sum of $5,000,000, and because members of the class and Mach are citizens of different states.

8. This Court has personal jurisdiction over Mach because it operates thousands of oil-and-gas wells in Oklahoma and because it distributes royalties to Class and Subclass members across Oklahoma.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in, or a substantial part of property that is the subject of this action is situated in, this District.

## FACTUAL ALLEGATIONS

10. The preceding allegations are incorporated by reference.

11. Sagacity owns royalty interests in numerous Mach-operated oil-and-gas wells located in Oklahoma, including in Pittsburg and Marshall Counties, Oklahoma.

12. For example, Sagacity owns a royalty interest in Mach-operated oil-and-gas wells located in Marshall County, Oklahoma, under an oil-and-gas lease dated August 5, 1954, and covering portions of Section 9, Township 5 North, Range 5 East. **Ex. 1**, Marshall County Lease.

13. Sagacity's Marshall County Lease requires that Mach, as lessee and operator, remit the following for gas royalties:

> To pay lessor for gas produced from each well where gas only is found, the equal 3/16ths of the gross proceeds at the prevailing market rate, for all gas used off the premises, said payment to be made quarterly and lessor to have gas free of cost from any such well for all stoves and all inside lights in the principal dwelling on said land during the same time by making his own connection with the well at his own risk and expense.
>
> To pay lessor for gas produced from any oil well and used off the premises, or for the manufacture of gasoline or dry commercial gas, 3/16ths of the proceeds, at the mouth of the well, at the prevailing market rate for the gas during which time such gas shall be used, said payments to be made quarterly.

*Id.* at 1.

14. As an additional example, Sagacity owns a royalty interest in a Mach-operated oil-and-gas well located in Pittsburg County, Oklahoma, under an oil-and-gas lease dated January 22, 1962, and covering portions of Section 29, Township 3 North, Range 12 East. **Ex. 2**, Pittsburg County Lease.

3

15. Sagacity's Pittsburg County Lease requires that Mach, as lessee and operator, remit the following for gas royalties:

> To pay lessor for gas of whatsoever nature or kind produced and sold or used off the leased premises, or used in the manufacture of the products therefrom, one-eighth (1/8th) at the of the market price at the well for the gas sold, used off the premises, or in the manufacture of products therefrom, said payments to be made monthly.
>
> To pay lessor for gas produced from any oil well and used off the premises, or for the manufacture of casinghead gasoline or dry commercial gas, one-eighth (1/8th) of the proceeds, at the mouth of the well, at the prevailing market rate for the gas during which such gas shall be used, said payments to be made monthly.

*Id.* at 1.

16. Bollenbach owns royalty interests in numerous Mach-operated oil-and-gas wells located in Kingfisher County, Oklahoma.

17. For example, Bollenbach owns a royalty interest in a Mach-operated oil-and-gas well located in Kingfisher County, Oklahoma, under an oil-and-gas lease dated June 29, 1959, and covering portions of Section 31, Township 17 North, Range 5 West. **Ex. 3**, Kingfisher County Lease.[1]

18. Bollenbach's Kingfisher County Lease requires that Mach, as lessee and operator, remit the following for gas royalties:

> To pay lessor for gas of whatsoever nature or kind produced and sold or used off the premises, or used in the manufacture of any products therefrom, one-eighth, (1/8) at the market price at the well for the gas sold, used off the premises, or in the manufacture of products therefrom, said payments to be made monthly.

*Id.* at 1.

---

[1] The Marshall County Lease, Pittsburg County Lease, and Kingfisher County Lease are collectively referred to as "Plaintiffs' Exemplar Leases."

19. Under Oklahoma law, Plaintiffs' Exemplar Leases impose Oklahoma's implied duty to market (the "IDM") upon Mach.

20. Oklahoma's IDM requires Mach to provide a marketable product available to market, including for natural gas and its constituents.

21. This means that Mach is precluded from passing along to royalty owners, like Plaintiffs, any costs incurred in making a product marketable, including natural gas and its constituents.

22. Because raw or unprocessed gas must typically undergo certain field processes—such as gathering, compressing, dehydrating, transporting, and processing ("GCDTP Services")—to make the gas marketable, lessees and operators, like Mach, bear the costs associated with performing such services. GCDTP Services also includes the costs of transportation and fractionation of natural gas liquids to create marketable purity products.

23. Royalty owners whose leases contain the IDM, like Plaintiffs' Exemplar Leases, bear no responsibility for the cost of GCDTP Services required to place natural gas and its constituents in marketable form.

24. The IDM applies unless an oil-and-gas lease expressly says otherwise.

25. If a lessee, like Mach, wants royalty owners to share in GCDTP Services, that can be spelled-out in the oil-and-gas lease.

26. Some leases *do* expressly spell out by name certain GCDTP Services that are allowed to be deducted from royalty—Plaintiffs refer to these leases as express-deduction ("ED") leases. Other leases expressly state that a lessee *cannot* take deductions. Plaintiffs refer to these leases as express-no-deduction ("END") leases. Plaintiffs' proposed class includes IDM and END leases and excludes ED leases.

5

27. Despite the IDM's requirements and the terms of Plaintiffs' Exemplar Leases, Mach has, nevertheless, deducted GCDTP Services from Plaintiffs' royalty payments.

28. Upon information and belief, Mach has explicitly deducted GCDTP Services on Plaintiffs' check stubs and has also embedded GCDTP Services into Plaintiffs' royalty payments by adjusting the volume, price, or value of Plaintiffs' royalty payments.

29. In addition, and upon information and belief, some of the GCDTP Services which have resulted in royalty underpayments to Bollenbach have included affiliated costs for which Oklahoma applies a strict standard.

30. Plaintiffs' Exemplar Leases also require that Mach pay Plaintiffs' royalty on fuel gas consumed off the lease, which includes gas consumed in a midstream service company's gathering systems, gas plants, and on the transmission pipelines.

31. Despite the requirement to pay royalty on fuel gas consumed off the lease, Mach has, nevertheless, failed to completely compensate Plaintiffs on those volumes of gas used off the lease for fuel.

32. In addition to the terms of the oil-and-gas leases, OKLA. STAT. tit. 52, § 570.10(C)(4) imposes upon Mach a duty to properly pay royalty and if Mach causes royalty to be paid incorrectly to royalty owners (like Plaintiffs) as operator, Mach is responsible for the underpaid royalty. ("Where royalty proceeds are paid incorrectly as a result of an error or omission, the party whose error or omission caused the incorrect royalty payments shall be liable for the additional royalty proceeds on such production and all resulting costs or damages incurred by the party making the incorrect payment.").

33. Mach's improper royalty payment practices have been applied to Plaintiffs and all other members of the Class and Subclass.

## CLASS ACTION ALLEGATIONS

34. The preceding allegations are incorporated by reference.

35. Plaintiffs bring this action on behalf of themselves and as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class (the "Class" and "Subclass"):

> **Class:** All persons or entities who are royalty owners, except those whose leases expressly authorize deductions under Oklahoma law, in Oklahoma wells where Mach (including its affiliated predecessors and affiliated successors) are or were the operator from January 11, 2018, to the date Class Notice is given. The Class claims relate to royalty payments for gas and its constituents (such as residue gas, natural gas liquids, helium, nitrogen, or drip condensate).
>
> **Subclass:** All persons or entities entitled to share in royalty proceeds payable under any lease that contains an express provision stating that royalty will be paid on gas used off the lease premises.
>
> Excluded from the Class and Subclass are: (1) Mach, its affiliates, predecessors, and employees, officers, and directors; (2) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma; and (3) any Indian tribe as defined at 30 U.S.C. § 1702(4) or Indian allottee as defined at 30 U.S.C. § 1702(2).

36. Upon information and belief, absent Class and Subclass members who have been underpaid royalty on gas and its constituents number in the thousands. Mach operates thousands of oil-and-gas wells in Oklahoma. Thus, the Class is so numerous that joinder of all members is impracticable.

37. The questions of fact and law common to the Class and Subclass include:

   a. Whether Plaintiffs and the Class and Subclass own royalty interests in the Oklahoma properties upon which Mach has an obligation to pay royalty correctly under the terms of the applicable oil-and-gas leases;

   b. Whether, under Oklahoma law, the Class oil-and-gas leases impose the IDM;

    c. Whether Mach failed to properly remit royalty to the Class on gas and its constituents by deducting GCDTP Services or by underpaying royalty as a result of GCDTP Services;

    d. Whether, under Oklahoma law, the Subclass oil-and-gas leases require Mach to pay royalty on gas consumed off the leases;

    e. Whether Mach failed to properly remit royalty to the Subclass on gas consumed off the leases;

    f. Whether Mach's failure to properly pay royalty to the Class and Subclass imposes liability on Mach under OKLA. STAT. tit. 52, § 570.10(C)(4);

    g. Whether Mach is obligated to pay interest on the underpaid royalty under Oklahoma statute.

38. Plaintiffs' claims are typical of the Class and Subclass because each Class and Subclass member's claims are identical.

39. Mach treated Plaintiffs and the Class and Subclass in the same way by failing to pay the required royalty on gas and its constituents.

40. Plaintiffs will fairly and adequately protect the interests of the Class and Subclass. Plaintiffs' interests do not conflict with the interests of the Class and Subclass. Plaintiffs are represented by counsel who are skilled and experienced in oil-and-gas matters, accounting, and complex civil litigation, including oil-and-gas royalty class actions.

41. The averments of fact and questions of law in this Complaint are common to the members of the Class and Subclass and predominate over any questions affecting only individual members.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

    a. The questions of law and fact are so numerous across the Class and Subclass that there is no reason why individual members of the Class and Subclass would want to control the prosecution of their own claims at their own expense;

  b. To Plaintiffs' knowledge, there is not a certified class with the same scope of Class and Subclass membership sought in this Complaint against Mach relating to its failure to properly pay royalty on gas and its constituents as required by law;

  c. All parties and the judiciary have a strong interest in resolving these matters in one forum;

  d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every Class and Subclass member—not only those who can afford to bring their own actions; and

  e. Absent a class action, Plaintiffs and the Class and Subclass members may never fully discover the wrongful acts of Mach, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Mach.

## CAUSES OF ACTION

### I. Breach of Contract

43. The preceding allegations are incorporated by reference.

44. Plaintiffs bring this cause of action on behalf of themselves and the Class and Subclass.

45. Plaintiffs and the other Class and Subclass Members entered into written, fully executed, oil-and-gas leases.

46. The Class leases impose the IDM on Mach with regard to payment of royalty on gas and its constituents.

47. The Subclass leases impose a duty to pay royalty on gas used as fuel off the lease premises.

48. Mach breached the terms of the Class and Subclass leases by its actions in underpaying royalty or not paying royalty on all products sold from the gas stream, including as a result of GCDTP Services and the failure to completely compensate Subclass members for gas used as fuel off the lease premises.

49. As a result of Mach's breaches, Plaintiffs and the Class and Subclass members have been damaged through underpayment of the actual amounts due.

50. Plaintiffs and the Class and Subclass members are entitled to the actual damages caused by Mach's breaches and are further entitled to statutory interest and other allowable damages imposed by Oklahoma law, including punitive damages. *See* OKLA. STAT. tit. 52, § 570.1 et seq.

## II.   Violation of the Production Revenue Standards Act

51. The preceding allegations are incorporated by reference.

52. Under OKLA. STAT. tit. 52, § 570.10(C)(4), Mach, as operator remitting royalty, is liable for royalties that are paid incorrectly to the Class and Subclass.

53. Mach, as operator, has failed to properly remit royalties to the Class and Subclass.

54. Plaintiffs and the Class and Subclass members are entitled to the actual damages caused by Mach's incorrect royalty payments and are further entitled to statutory interest and other allowable damages imposed by Oklahoma law, including punitive damages. *See* OKLA. STAT. tit. 52, § 570.1 et seq.

## JURY DEMAND

55. Under Fed. R. Civ. P. 28, Plaintiffs demand a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiffs seek:

1. An order certifying and allowing this case to proceed as a class action with Plaintiffs as class representatives and the undersigned counsel as class counsel;

2. An order requiring Mach to pay Plaintiffs and the Class and Subclass members actual damages to fully compensate them for losses sustained as a direct, proximate, and producing cause of Mach's breaches and unlawful conduct, including, without limitation, compound interest under Oklahoma law;

3. An order requiring Mach to properly pay royalty to the Class and Subclass in the future, as required by law;

4. An order awarding punitive damages as determined by the jury, which is demanded herein, and in accordance with Oklahoma law on each of Mach's wrongful acts, as alleged in this Complaint;

5. An order requiring Mach to pay the Class and Subclass's attorney fees and litigation costs as provided by statute; and

6. Such costs and other relief as this Court deems appropriate.

Respectfully Submitted,

*/s/ Reagan E. Bradford*
Reagan E. Bradford, OBA #22072
Ryan K. Wilson, OBA #33306
BRADFORD & WILSON PLLC
431 W. Main Street, Suite D
Oklahoma City, OK 73102
Telephone: (405) 698-2770
reagan@bradwil.com
ryan@bradwil.com

**COUNSEL FOR PLAINTIFFS**