IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAGACITY, INC., AND BOLLENBACH ENTERPRISES LIMITED PARTNERSHIP, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BCE-MACH III LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Case No. 23-cv-0039-JFH-GLJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

This matter is before the Court on Plaintiff's First Motion to Compel [Docket No. 46] regarding certain documents. On April 3, 2023, Judge Heil referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, in accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. *See* Docket No. 26. For the reasons set forth below, Plaintiffs' First Motion to Compel [Docket No. 46] is GRANTED.

### Background

Plaintiff filed this putative class action on behalf of royalty owners of certain wells in Oklahoma against Defendant for the underpayment of royalties. On May 10, 2023, Defendant filed its Initial Disclosures in which it identified certain documents it might use to support its claims or defenses including, *inter alia*, "Redacted Asset Acquisition or Purchase Agreements (highly confidential)[.]" *See* Docket No. 34. Additionally, in its

Responses and Objections to Plaintiffs' First Set of Written Discovery, Defendant agreed to produced "redacted responsive documents demonstrating BCE-Mach III's acquisition of Oklahoma leases."  *See* Docket No. 46, Ex. 2 at Response to Request for Production No. 1.  Although Defendant objected to Request No. 1 as "overly broad and unduly burdensome and seeks information that is not relevant," it offered no explanation or further information supporting its objection.  *Id*.  In April 2024, Defendant indicated to Plaintiff that the documents responsive to Request for Production No. 1 were being gathered, but only one asset acquisition or purchase agreement out of ten was produced and it was produced in a heavily redated form.  *See* Docket No. 46, pp. 4-5.  Subsequently, Defendant represented to Plaintiff that it would not produce any of the acquisition documents beyond the one heavily redacted agreement.  *Id*.  To date, Defendant has not amended or supplemented its initial disclosures or responses to Plaintiff's first discovery requests.

Plaintiff filed the Motion to Compel, arguing that the acquisition agreement and the attached schedules contain relevant information, including information, among other things, likely tying the contracts to various leases and wells.  Defendant responds that the acquisition agreements are not relevant and, other than possibly one or more of the attached schedules, do not contain any relevant information.  *See* Docket No. 51.  In its Response, Defendant further states that it "withdraws from its initial disclosure" the acquisition agreements.  *Id*., p. 6.  A hearing on the motion was held on August 12, 2024.

## Discussion

After considering the pleadings and argument of counsel at the August 12, 2024 hearing, it is apparent that Defendant listed the acquisition agreements as relevant documents in its initial disclosures and stated it would produce such documents in response to Document Request No. 1.  Defendant has neither amended nor supplemented its initial disclosures or discovery responses.  Whatever it intended with its "withdraw" in its Response, it is ineffective as an amendment to its initial disclosures and discovery responses.  Therefore, by its own admission, Defendant concedes that at least some portion of the acquisition agreements or schedules attached thereto are or may be relevant in this matter.  As such, the acquisition agreements must be produced.  *See, e.g.*, *Reagan v. Okmulgee County Criminal Justice Auth.*, 2021 WL 4315753, at *2 (E.D. Okla. Sept. 22, 2021) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party. When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure.") (quoting *McCoy v. Whirlpool Corp.*, 214 F.R.D. 642, 643-44 (D. Kan. 2003)).

Plaintiff also challenges Defendant's redaction of the one acquisition agreement produced and any potential redactions to the other acquisition agreements.  Plaintiff and

Defendant cite various authorities holding that redaction of allegedly irrelevant information in an otherwise relevant document is impermissible and permissible. *Compare U.S. Aviation Underwriters, Inc. v. SamDan LLC*, 2023 WL 2414265, at *2 (S.D. Cal. March 8, 2023) ("courts repeatedly have held that there is no legal basis to redact documents for relevancy concerns"), *with Saint-Gobain Ceramics and Plastics, Inc. v. II-VI, Inc.*, 2019 WL 1460619, at *2-3 (C.D. Cal. Feb. 1, 2019) (rejecting a *per se* ban on redacting irrelevant information from a document and instead finding "that a ruling in this regard depends on the specific circumstances of the case"). The undersigned Magistrate Judge agrees with the Court in *SamDan* that while there is no binding Tenth Circuit authority on the issue, the better approach is "(1) that redaction of otherwise discoverable documents is the exception rather than the rule; (2) that ordinarily, the fact that the producing party is not harmed by producing irrelevant information or by producing sensitive information which is subject to a protective order restricting its dissemination and use renders redaction both unnecessary and potentially disruptive to the orderly resolution of the case; and (3) that the Court should not be burdened with an *in camera* inspection of redacted information merely to confirm the relevance or irrelevance of the redacted information, but only when necessary to protect privileged material whose production n might waive the privilege." 2023 WL 2414265, at *2 (quoting *Beverage Distributors, Inc. v. Miller Brewing Co.*, 2010 WL 1727640, at *4 (S.D. Ohio April 28, 2010)). There is a protective order in place in this case that includes the category for "highly confidential" information and Defendant does not show any harm or prejudice it will incur in producing documents it identified as

relevant in its initial disclosures and discovery responses. Therefore, the responsive acquisition agreements are to be produced unredacted.

## Conclusion

Accordingly, Plaintiff's First Motion to Compel [Docket No. 46] is hereby GRANTED.

IT IS SO ORDERED this 12th day of August, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**