# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **Sagacity, Inc., et al., on behalf of themselves and all others similarly situated,**<br><br>    **Plaintiffs,**<br><br>v.<br><br>**BCE-Mach III LLC,**<br><br>    **Defendant.** | Case No. 23-CV-39-GLJ |

## ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on the Class Representatives' Motion for Final Approval of Class Action Settlement & Brief in Support (Dkt. 103). This is a class action lawsuit brought by Plaintiffs Sagacity, Inc. and Bollenbach Enterprises Limited Partnership, on behalf of themselves and as representatives of a class of owners (defined below) (collectively, "Plaintiffs"), against Defendant BCE-Mach III LLC ("Defendant" or "Mach III") ("Plaintiffs" and "Defendant" collectively the "Parties"), for the alleged underpayment of royalty on gas and gas constituents from Oklahoma oil-and-gas wells during the Claim Period. On May 30, 2025, the Parties executed a Stipulation and Agreement of Settlement (the "Settlement Agreement") finalizing the terms of the Settlement.[1]

On June 12, 2025, the Court preliminarily approved the Settlement and issued an Order Granting Preliminary Approval of Class Action Settlement, Certifying the Class for Settlement

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

Purposes, Approving Form and Manner of Notice, and Setting Date for Final Fairness Hearing (the "Preliminary Approval Order"). In the Preliminary Approval Order, the Court, *inter alia*:

a. certified the Settlement Class for settlement purposes, finding all requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the proposed Settlement Class;

b. appointed Plaintiffs Sagacity, Inc. and Bollenbach Enterprises Limited Partnership as Class Representatives; and Reagan E. Bradford and Ryan K. Wilson as Co-Lead Class Counsel;

c. preliminarily found: (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the proposed Settlement was agreed to only after Class Counsel had conducted legal research and discovery regarding the strengths and weaknesses of Class Representatives' and the Settlement Class's claims; (iii) Class Representatives and Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class;

d. preliminarily approved the Settlement as fair, reasonable, and adequate and in the best interest of the Settlement Class;

e. preliminarily approved the form and manner of the proposed Notices to be communicated to the Settlement Class, finding specifically that such Notices, among other information: (i) described the terms and effect of the Settlement; (ii) notified the Settlement Class that Class Counsel will seek Plaintiffs' Attorneys' Fees, reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, and a Case Contribution Award for Class Representatives'

services; (iii) notified the Settlement Class of the time and place of the Final Fairness Hearing; (iv) described the procedure for requesting exclusion from the Settlement; (v) described the procedure for objecting to the Settlement or any part thereof; and (vi) directed potential Class Members to where they may obtain more detailed information about the Settlement;

 f. instructed the Settlement Administrator to disseminate the approved Notices to potential members of the Settlement Class in accordance with the Settlement Agreement and in the manner approved by the Court;

 g. provided for the appointment of a Settlement Administrator;

 h. provided for the appointment of an Escrow Agent;

 i. set the date and time for the Final Fairness Hearing as October 1, 2025, at 10:30 a.m. CT in the United States District Court for the Eastern District of Oklahoma; and

 j. set out the procedures and deadlines by which Class Members could properly request exclusion from the Settlement Class or object to the Settlement or any part thereof.

After the Court issued the Preliminary Approval Order, due and adequate notice by means of the Notice and Summary Notice was given to the Settlement Class, notifying them of the Settlement and the upcoming Final Fairness Hearing. On October 1, 2025, in accordance with the Preliminary Approval Order and the Notice, the Court conducted a Final Fairness Hearing to, *inter alia*:

 a. determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

b.  determine whether the notice method utilized by the Settlement Administrator: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated under the circumstances to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

c.  determine whether to approve the Allocation Methodology, the Plan of Allocation, and distribution of the Net Settlement Fund to Class Members who did not timely submit a valid Request for Exclusion or were not otherwise excluded from the Settlement Class by order of the Court;[2]

d.  determine whether a Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Litigation against Defendant with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

e.  determine whether the applications for Plaintiffs' Attorneys' Fees, reimbursement for Litigation Expenses and Administration, Notice, and Distribution Costs, and a Case Contribution Award to Class Representatives are fair and reasonable and should be approved;[3] and

f.  rule on such other matters as the Court deems appropriate.

---

[2] The Court will issue a separate order pertaining to the allocation and distribution of the Net Settlement Fund among Class Members (the "Initial Plan of Allocation Order").

[3] The Court will issue separate orders pertaining to Class Counsel's request for Plaintiffs' Attorneys' Fees, reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, and Class Representatives' request for a Case Contribution Award.

The Court, having reviewed the Settlement, the Settlement Agreement, and all related pleadings and filings, and having heard the evidence and argument presented at the Final Fairness Hearing, now **FINDS, ORDERS, and ADJUDGES** as follows:

1. The Court, for purposes of this Final Judgment (the "Judgment"), adopts all defined terms as set forth in the Settlement Agreement and incorporates them as if fully set forth herein.

2. The Court has jurisdiction over the subject matter of this Litigation and all matters relating to the Settlement, as well as personal jurisdiction over Defendant and Class Members.

3. The Settlement Class, which was certified in the Court's Preliminary Approval Order, is defined as follows:

> All non-excluded persons or entities who are or were royalty owners in Oklahoma wells who received royalty payments from Mach III for the Claim Period for the Class Wells operated by Mach III. The Class claims relate to royalty payments for gas and its constituents (such as residue gas, natural gas liquids, helium, nitrogen, or drip condensate).
>
> Excluded from the Settlement Class are: (1) Mach III, its affiliates, predecessors, and employees, officers, and directors; (2) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma; (3) publicly traded oil and gas companies and their affiliates; (4) Charles David Nutley, Danny George, Dan McClure, Kelly McClure Callant, C. Benjamin Nutley, White River Royalties, LLC, and their relatives, affiliates, successors, and assigns; (5) persons or entities that Plaintiffs' counsel may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct; (6) any Indian tribe as defined at 30 U.S.C. § 1702(4) or Indian allottee as defined at 30 U.S.C. § 1702(2); and (7) officers of the Court.

4. "Claim Period" means checks, remittances, or payments to Settlement Class Members for royalty payments on natural gas or its constituents for the Class Wells from January 1, 2020, through and including February 14, 2025.

5. For substantially the same reasons as set out in the Court's Preliminary Approval Order, [Dkt. No. 101], the Court finds that the above-defined Settlement Class should be and is hereby certified for the purposes of entering judgment pursuant to the Settlement Agreement.

Specifically, the Court finds that all requirements of Rule 23(a) and Rule 23(b)(3) have been satisfied for settlement purposes. Because this case has been settled at this stage of the proceedings, the Court does not reach, and makes no ruling either way, as to the issue of whether the Settlement Class could have been certified in this case on a contested basis.

6. The Court finds that the persons and entities identified in the attached **Exhibit 1** have submitted timely and valid Requests for Exclusion and are hereby excluded from the foregoing Settlement Class, will not participate in or be bound by the Settlement, or any part thereof, as set forth in the Settlement Agreement, and will not be bound by or subject to the releases provided for in this Judgment and the Settlement Agreement.

7. At the Final Fairness Hearing on October 1, 2025, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of, *inter alia*, the Settlement and the Notice of Settlement provided to the Settlement Class, considering not only the pleadings and arguments of Class Representatives and Defendant and their respective Counsel, but also the concerns of any objectors and the interests of all absent Class Members. In so doing, the Court considered arguments that could reasonably be made against, *inter alia*, approving the Settlement and the Notice of Settlement, even if such argument was not actually presented to the Court by pleading or oral argument.

8. The Court further finds that due and proper notice, by means of the Notices, was given to the Settlement Class in conformity with the Settlement Agreement and Preliminary Approval Order. The form, content, and method of communicating the Notices disseminated to the Settlement Class and published pursuant to the Settlement Agreement and the Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances; (b) constituted notice reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right

to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, the Due Process protections of the State of Oklahoma, and any other applicable law. Therefore, the Court approves the form, manner, and content of the Notices used by the Parties. The Court further finds that all Class Members have been afforded a reasonable opportunity to request exclusion from the Settlement Class or object to the Settlement.

9. Pursuant to and in accordance with Federal Rule of Civil Procedure 23, the Settlement, including, without limitation, the consideration paid by Defendant, the covenants not to sue, the releases, and the dismissal with prejudice of the Released Claims against the Released Parties as set forth in the Settlement Agreement, is finally approved as fair, reasonable, and adequate and in the best interests of the Settlement Class. The Settlement Agreement was entered into between the Parties at arm's-length and in good faith after substantial negotiations free of collusion. The Settlement fairly reflects the complexity of the Released Claims, the duration of the Litigation, the extent of discovery, and the balance between the benefits the Settlement provides to the Settlement Class and the risk, cost, and uncertainty associated with further litigation and trial. Serious questions of law and fact remain contested between the Parties and experienced counsel, and the Parties have prosecuted and defended their interests. The Settlement provides a means of gaining immediate valuable and reasonable compensation and forecloses the prospect of uncertain results after many more months or years of additional discovery and litigation. The considered judgment of the Parties, aided by experienced legal counsel, supports the Settlement.

10. By agreeing to settle the Litigation, Defendant does not admit, and instead specifically denies, that the Litigation could have otherwise been properly maintained as a

contested class action and specifically denies any and all wrongdoing and liability to the Settlement Class, Class Representatives, and Class Counsel.

11.     The Court finds that on June 10, 2025 (Dkt. No. 106), Defendant caused notice of the Settlement to be served on the appropriate state official for each state in which a Class Member resides, and the appropriate federal official, as required by and in conformance with the form and content requirements of 28 U.S.C. § 1715. In connection therewith, the Court has determined that, under 28 U.S.C. § 1715, the appropriate state official for each state in which a Class Member resides was and is the State Attorney General for each such state, and the appropriate federal official was and is the Attorney General of the United States. Further, the Court finds it was not feasible for Defendant to include on each such notice the names of each of the Class Members who reside in each state and the estimated proportionate share of each such Class Members to the entire Settlement as provided in 28 U.S.C. § 1715(b)(7)(A); therefore, each notice included a reasonable estimate of the number of Class Members residing in each state and the value of the Gross Settlement Fund. No appropriate state or federal official has entered an appearance or filed an objection to the entry of final approval of the Settlement. Thus, the Court finds that all requirements of 28 U.S.C. § 1715 have been met and complied with and, as a consequence, no Class Member may refuse to comply with or choose not to be bound by the Settlement and this Court's Orders in furtherance thereof, including this Judgment, under the provisions of 28 U.S.C. § 1715.

12.     The Litigation and Released Claims are dismissed with prejudice as to the Released Parties. The Court orders that, upon the Effective Date, the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Class Members who have not validly and timely submitted a Request for Exclusion to the Settlement Administrator as directed in the Notice of Settlement and Preliminary Approval Order. The Court finds that Defendant has agreed not to file a claim against Plaintiffs or Class Counsel based upon an assertion that the Litigation was

brought by Plaintiffs or Class Counsel in bad faith or without reasonable basis. Similarly, the Court finds that Plaintiffs have agreed not to file a claim against Defendant or Defendant's Counsel based upon an assertion that the Litigation was defended by Defendant or Defendant's Counsel in bad faith or without reasonable basis. The Releasing Parties are hereby deemed to have finally, fully, and forever conclusively released, relinquished, and discharged all of the Released Claims against the Released Parties to the fullest extent permitted by law. The Court thus permanently bars and enjoins the Releasing Parties, and each of them (regardless of whether or not any such person or party actually received a payment from the Net Settlement Fund, and without regard as to whether any payment was correctly determined), and all persons acting on their behalf, from directly or indirectly, or through others, suing, instigating, instituting, or asserting against the Released Parties any claims or actions on or concerning the Released Claims. Neither Party will bear the other Party's litigation costs, costs of court, or attorney's fees.

13. The Court also approves the efforts and activities of the Settlement Administrator and the Escrow Agent in assisting with certain aspects of the administration of the Settlement, and directs them to continue to assist Class Representatives in completing the administration and distribution of the Settlement in accordance with the Settlement Agreement, this Judgment, any Plan of Allocation approved by the Court, and the Court's other orders.

14. Nothing in this Judgment shall bar any action or claim by Class Representatives or Defendant to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

15. The Settlement Administrator is directed to refund to Defendant the portions of the Net Settlement Fund under the Initial Plan of Allocation attributable to Class Members who timely and properly submitted a Request for Exclusion or who were otherwise excluded from the Settlement Class by order of the Court in accordance with the terms and process of the Settlement Agreement.

16. This Judgment, the Settlement, and the Settlement Agreement (including any provisions contained in or exhibits attached to the Settlement Agreement), any negotiations, statements, or proceedings related thereto, and/or any action undertaken pursuant thereto, shall not be used for any purpose or admissible in any action or proceeding for any reason, other than an action to enforce the terms of the Judgment, the Settlement, or the Settlement Agreement (including, but not limited to, defending or bringing an action based on the release provided for herein). Specifically, but without limitation, the Judgment, the Settlement, and the Settlement Agreement are not, and shall not be deemed, described, construed to be, or offered as, evidence of a presumption, concession, declaration, or admission by any of the Parties to the Settlement Agreement, or any person or entity, as to the truth of any allegation made in the Litigation; the validity or invalidity of any claim or defense that was, could have been, or might be asserted in the Litigation; the amount of damages, if any, that would have been recoverable in the Litigation; any liability, negligence, fault, or wrongdoing of any person or entity in the Litigation; or whether any other lawsuit should be certified as a class action pursuant to Federal Rule of Civil Procedure 23 or any applicable state rule of procedure. Further, this Judgment shall not give rise to any collateral estoppel effect as to the certifiability of any class in any other proceeding.

17. As separately set forth in detail in the Court's Plan of Allocation Order(s), the Allocation Methodology, the Plan of Allocation, and distribution of the Net Settlement Fund among Class Members who were not excluded from the Settlement Class by timely submitting a valid Request for Exclusion or other order of the Court are approved as fair, reasonable and adequate, and Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with the Plan of Allocation Order(s) entered by the Court.

18. The Court finds that Class Representatives, Defendant, and their Counsel have complied with the requirements of the Federal Rules of Civil Procedure as to all proceedings and

filings in this Litigation. The Court further finds that Class Representatives and Class Counsel adequately represented the Settlement Class in entering into and implementing the Settlement.

19. Neither Defendant nor Defendant's Counsel shall have any liability or responsibility to Plaintiffs, Class Counsel, or the Settlement Class with respect to the Gross Settlement Fund or its administration, including but not limiting to any distributions made by the Escrow Agent or Settlement Administrator. Except as described in paragraph 6.19 of the Settlement Agreement, no Class Member shall have any claim against Plaintiffs, Class Counsel, the Settlement Administrator, the Escrow Agent, or any of their respective designees or agents based on the distributions made substantially in accordance with the Settlement Agreement, the Court's Plan of Allocation Order(s), or other orders of the Court.

20. Any Class Member who receives a Distribution Check that he/she/it is not legally entitled to receive is hereby ordered to either (a) pay the appropriate portion(s) of the Distribution Check to the person(s) legally entitled to receive such portion(s) or (b) return the Distribution Check uncashed to the Settlement Administrator.

21. All matters regarding the administration of the Escrow Account and the taxation of funds in the Escrow Account or distributed from the Escrow Account shall be handled in accordance with the Settlement Agreement.

22. Any order approving or modifying any Plan of Allocation Order, the application by Class Counsel for an award of Plaintiffs' Attorneys' Fees or reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, or the request of Class Representatives for Case the Contribution Awards shall be handled in accordance with the Settlement Agreement and the documents referenced therein.

23. Without affecting the finality of this Judgment in any way, the Court (along with any appellate court with power to review the Court's orders and rulings in the Litigation) reserves

exclusive and continuing jurisdiction to enter any orders as necessary to administer the Settlement Agreement, including jurisdiction to determine any issues relating to the payment and distribution of the Net Settlement Fund, and to enforce the Judgment.

24. In the event the Settlement is terminated as the result of a successful appeal of this Judgment, or the Judgment does not become Final and Non-Appealable in accordance with the terms of the Settlement Agreement for any reason whatsoever, then this Judgment and all orders previously entered in connection with the Settlement shall be rendered null and void and shall be vacated. The provisions of the Settlement Agreement relating to termination of the Settlement Agreement shall be complied with, including the refund of amounts in the Escrow Account to Defendant.

25. Without affecting the finality of this Judgment in any way, the Court (along with any appellate court with power to review the Court's orders and rulings in the Litigation) reserves exclusive and continuing jurisdiction to enter any orders as necessary to administer the Settlement Agreement, including jurisdiction to determine any issues relating to the payment and distribution of the Net Settlement Fund, to issue additional orders pertaining to, *inter alia*, Class Counsel's request for Plaintiffs' Attorneys' Fees and reimbursement of reasonable Litigation Expenses and Administration, Notice, and Distribution Costs, and Class Representatives' request for a Case Contribution Award, and to enforce this Judgment. Notwithstanding the Court's jurisdiction to issue additional orders in this Litigation, this Judgment fully disposes of all claims as to Defendant and is therefore a final appealable judgment.

26.     Accordingly, the Class Representatives' Motion for Final Approval of Class Action Settlement & Brief in Support (Dkt. 103) is hereby GRANTED.

**IT IS SO ORDERED** this 1st day of October 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**